# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**MAGGIE DICKERSON,**

      **Plaintiff,**                                   **Civil Action 2:20-cv-1169**

      **v.**                                          **Judge James L. Graham**
                                                 **Chief Magistrate Judge Elizabeth P. Deavers**

**COMMISSIONER OF**
**SOCIAL SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, an Ohio resident who is prosecuting this matter *pro se*, moves this court for leave to proceed *in forma pauperis*. (ECF No. 1.) Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). This matter is before the Court *sua sponte* for an initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this Plaintiff's claims for failure to assert any claim on which relief may be granted.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

**II.**

Plaintiff purports to bring claims against the Social Security Administration presumably seeking disability benefits. (ECF No. 1-1.) She alleges that she suffered a collarbone break after an incident at her job in 2008. (*Id.* at 3.) She claims that the Social Security Administration "approved [her] claim" and "offered a substantial amount of money under child's benefits" but

---

[1]Formerly 28 U.S.C. § 1915(d).

that the "money became inaccessible from Social Security." (*Id.*) Her Complaint goes on to allege that she was zapped with a stun gun or laser and that thereafter someone opened an account with Social Security for insurance benefits on her behalf. (*Id.*) She then alleges a confusing succession of being kidnapped, robbed, and stabbed. (*Id.* at 4.) Plaintiff states that the Social Security Administration "should provide appropriate payments of child benefit now and further as well as all back benefit amounts." (*Id.*)

### III.

A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill v. Lappin,* 630 F.3d 468, 470-471 (6th Cir. 2010) ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it

3

tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

## IV.

Plaintiff's purported claims should be dismissed. A plaintiff seeking review of a denial of a claim for social security benefits must first comply with specific procedural steps in order to invoke a district court's jurisdiction. 42 U.S.C. § 405(g); *see also Pohlmeyer v. Sec'y of Health & Human Servs.*, 939 F.2d 318, 320 (6th Cir. 1991) (recognizing the elements necessary to invoke a district court's jurisdiction to review a denial of a claim for social security benefits). For example, a plaintiff must first exhaust all her administrative remedies and may only seek judicial review once the Commissioner issues a final decision. *Pohlmeyer*, 939 F.2d at 320.

Here, Plaintiff fails to make any allegations from which this Court could reasonably infer that she has complied with the necessary steps to invoke its jurisdiction over her claim. She does not allege that the Commissioner issued a final decision in her case, or that she exhausted her administrative remedies. Nor does the Complaint set forth any other indication that Plaintiff followed the proper procedural steps in this case. Accordingly, the claim in Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief can be granted.

In addition, Plaintiff's *pro se* Complaint is largely indecipherable and provides no factual content or context from which this Court could reasonably infer that she is entitled to disability benefits. *Iqbal*, 556 U.S. 678. It is, therefore, **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** pursuant to 28 U.S. C. § 1915(e)(2)(B)(ii).

# V.

For the reasons explained above, the Undersigned **RECOMMENDS** that Plaintiff's claims be **DISMISSED** for failure to state a claim on which relief may be granted.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, it may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: March 12, 2020         /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE