IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Maggie Dickerson,

    Plaintiff,

  v.                            Case No. 2:20-cv-1169

Commissioner of
Social Security,

    Defendant.

## ORDER

Plaintiff, an Ohio resident proceeding pro se, filed a complaint against the Social Security Administration seeking social security disability benefits and/or child benefits. This matter is before the court for consideration of the March 12, 2020, report and recommendation of the United States magistrate judge on the initial screen of plaintiff's complaint pursuant to 28 U.S.C. §1915A, which requires the court, "in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," to dismiss a complaint that fails to state a claim upon which relief may be granted. 28 U.S.C. §1915A(a)-(b)(1). The magistrate judge concluded that plaintiff's complaint failed to state a claim upon which relief can be granted and recommended that the complaint be dismissed on that ground.

This matter is before the court for consideration of plaintiff's objections (Doc. 4) to the magistrate judge's report and recommendation. If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C.

§636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

As the magistrate judge correctly explained, 28 U.S.C. §1915(e)(2)(B)(ii) requires sua sponte dismissal of an action upon the court's determination that the action fails to state a claim upon which relief may be granted. Grinter v. Knight, 532 F.3d 567, 572 (6th Cir. 2008). Courts conducting initial screens under §1915(e) apply the motion to dismiss standard. See, e.g., Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standards to review under 28 U.S.C. §§1915A and 1915(e)(2)(B)(ii)).

Courts ruling on a motion to dismiss under Rule 12(b)(6) construe the complaint in a light most favorable to the plaintiff, accepting all well-pleaded allegations in the complaint as true, and determining whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Techs., Inc., 520 F.3d 516, 519 (6th Cir. 2008). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005).

As the magistrate judge noted, a plaintiff seeking review of a denial of a claim for social security benefits must first comply with specific procedural steps in order to invoke a district court's jurisdiction. 42 U.S.C. §405(g); Pohlmeyer v. Sec'y of

2

Health & Human Servs., 939 F.2d 318, 320 (6th Cir. 1991). The magistrate judge correctly concluded that plaintiff has failed to make any allegations from which this court could reasonably infer that she has complied with the steps necessary to invoke this court's jurisdiction over her claim. The magistrate judge further observed that the complaint fails to allege facts from which this court could reasonably infer that plaintiff is entitled to disability benefits. The magistrate judge recommended dismissal of the complaint for failure to state a claim upon which relief can be granted. Nothing in plaintiff's objections demonstrates that the magistrate judge's conclusions were erroneous.

Accordingly, plaintiff's objections (Doc. 4) are denied. The court agrees with the report and recommendation (Doc. 3), and it is hereby adopted. This case is dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

Date: March 30, 2020         _____s/James L. Graham_____
                             James L. Graham
                             United States District Judge